**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edmund R. MORRIS,**
**Defendant-Appellant.**

**No. 76–1238.**

United States Court of Appeals,
Sixth Circuit.

Decided and Filed Sept. 2, 1976.

Argued June 23, 1976.

William J. Ewald, De Groot, Kalliel, Triant & Conklin, P.C., Grand Rapids, Mich. (Court-appointed CJA), for defendant-appellant.

Frank S. Spies, U.S. Atty., Robert C. Greene, Grand Rapids, Mich., for plaintiff-appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

The defendant-appellant, Edmund R. Morris, appeals from a judgment of conviction, on a criminal charge, in the United States District Court for the Western District of Michigan. On or about March 5, 1975, an indictment containing three counts was returned in the Western District of Michigan charging the appellant with offenses involving stolen mail and a stolen check.

Count one charged the appellant with taking a letter addressed to KAL–CAP of

Kalamazoo, Michigan, which was in the authorized depository for mail, before it was delivered to the addressee with intent to secrete and embezzle it. (18 U.S.C. Sec. 1702). Count two charged the appellant with having in his possession a check in the amount of $1,008, drawn on the account of Young World, Inc., which had been stolen from the mail, knowing that it had been so stolen. (18 U.S.C. Sec. 1709).

Count three charged that the appellant, willfully and knowingly, did receive, conceal and retain with intent to convert to his own use, property of the Department of Agriculture, an agency of the United States, a stolen check, knowing it to have been stolen, drawn on Young World, Inc. in the amount of $1,008. (18 U.S.C. Sec. 641).

Although these offenses were alleged to have been committed in early September, 1973, the appellant was not indicted and arrested until March 1975.

The appellant was tried before a jury on or about August 19, 1975. He was acquitted on counts one and two and found guilty on count three. Subsequently, on January 12, 1976, the appellant was sentenced to serve three years imprisonment on his conviction on this count. He has been at liberty on his personal recognizance bond pending appeal.

The appellant having been acquitted on counts one and two we consider only the conviction on count three on this review.

The essential elements of the offense described in count three are: 1) The appellant willfully and knowingly received, concealed and retained a stolen check drawn on the account of Young World, Inc. in the amount of $1,008; 2) He intended to convert the proceeds of said check to his own use; 3) The check was the property of the Department of Agriculture, and agency of the United States; and 4) He knew that the check was stolen.

The essence of this offense, without which the conviction cannot stand, is that the check was the property of the Department of Agriculture.

The program with which the check herein involved was concerned is the Child Nutrition program, created by the National School Lunch Act and the Child Nutrition Act of 1966. The program is under the United States Department of Agriculture. The Michigan Department of Education administers the local program under agreements with the Department of Agriculture. The Kalamazoo County Community Action Program (KAL–CAP) had a contract with the Michigan Department of Education to provide food for needy children.

Young World, Inc., a Michigan Corporation, operated a number of Day Care Centers for profit in the State of Michigan. It served lunches to both needy children and to children who were capable of paying for their lunches. Young World, Inc. had an agreement with KAL–CAP to provide lunches for the Kalamazoo Day Center.

The check for $1,008, which is the subject of the third count of the indictment herein, was drawn on the account of Young World, Inc., in the Michigan National Bank at Lansing, Michigan, dated August 28, 1973, payable to the order of KAL–CAP. This check was in payment to KAL–CAP for meals provided by KAL–CAP to Young World for the above poverty level children. In the usual course of business, this check would have been put in the mail for KAL–CAP on August 28th or 29th.

The appellant had been employed as Executive Director of KAL–CAP for approximately five and one half years prior to his resignation on August 30, 1973. Mr. Morris' last day of employment was August 31st. During his employment all mail received by KAL–CAP was delivered unopened to him.

During July of 1973 a convention of National Association of Community Development was held in Kalamazoo. The Board of Directors of KAL–CAP approved Mr. Morris' request that KAL–CAP host this convention. A checking account, NACD Convention Account was opened to service the Convention. The records of the Industrial State Bank indicated that the signature

card on this account was in the name of Edmund R. Morris and that the account was opened June 28, 1973. The records further indicated a check from Young World, Inc., payable to KAL–CAP, in the amount of $1,008, was deposited in the account on September 4, 1973. The deposit slip was a counter deposit slip and was dated August 31, 1973. It is apparent that the check or the proceeds, thereof, never got into the possession or account of KAL–CAP, the payee.

Miss Myrna Ezelle testified that she was secretary to the appellant, Edmund Morris, during his employment with KAL–CAP. After the mail was received by Mr. Morris, he gave it to her for recording. In her capacity as Secretary she kept the checking account of the NACD convention. After the convention the account was reconciled and everything turned over to Mr. Morris.

Miss Ezelle identified the $1,008 check of Young World and said she had seen a copy of it. In the first part of October of 1973, she had contacted Young World about an unpaid bill and it sent her a copy of the check in proof of payment. The check was endorsed with the return-address stamp of KAL–CAP which was never used to deposit any money in KAL–CAP's account. The check was never recorded with the mail from August 28th to 31st during the time Mr. Morris was receiving the mail.

The appellant, Edmund R. Morris, the former Executive Director of KAL–CAP for five and one half years, testified that the agency received money from the Department of Health, Education and Welfare, the Department of Labor, the county government, the Department of Agriculture and, for a couple of years, from private foundation grants. The agency also generated some income from its food service operations. Contracts with Goodwill Industries, Kalamazoo Valley Intermediate School District and Young World, Inc., to which it furnished food, were the sources of this income. Supplementing these sources of income, the United States Department of Agriculture, through the Michigan Department of Education, reimbursed KAL–CAP for eighty percent of its expenses for food furnished to children who met the economic guidelines.

Mr. Robert J. Nelson, Regional Director of the Food Nutrition Service in Chicago, testified that the United States Department of Agriculture made funds available to the Michigan Department of Education, which administers the program under agreements with the Department of Agriculture. The Department of Education, through a letter of credit system, draws on the Department of Agriculture for funds when it has a number of unpaid claims on hand and reimburses the agencies, including KAL–CAP, up to eighty percent of their costs for food furnished to needy children.

We conclude that the evidence fails to show that the proceeds of the check described in count three of the indictment were the property of the United States Department of Agriculture. The check in question was drawn on the account of Young World, Inc. and it is not claimed that that account was made up of funds belonging to the Department of Agriculture or that it ever contained any of that Department's funds. Furthermore, assuming that KAL–CAP's funds belonged to the Department of Agriculture, the check never got into its possession. Until delivery, the check was still the property of Young World, Inc.

KAL–CAP, as heretofore stated, received funds from several sources and these funds were not isolated either by separate accounts, physically, or by bookkeeping. The check could not, therefore, have been the property of the Department of Agriculture. There is no evidence tracing funds directly from the Department of Agriculture to the treasury or bank account of KAL–CAP.

The judgment of the District Court is REVERSED and the case remanded with instructions to DISMISS THE THIRD COUNT OF THE INDICTMENT.